**EXHIBIT A**

**SUMMONS - CIVIL**

JD-CV-1  Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 Hoyt St., Stamford, CT 06905 | (203) 965-5308 | MARCH 28, 2017 |

☒ Judicial District   ☐ Housing Session   ☐ G.A. Number:    At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) **Stamford**

Case type code *(See list on page 2)*  Major: **T**  Minor: **90**

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*    11375 | Juris number *(to be entered by attorney only)* |
|---|---|
| A. R. Martin, pro se 300 Burns St., Forest Hills, NY | |

| Telephone number *(with area code)* (347) 960-9593 | Signature of Plaintiff *(If self-represented)* |
|---|---|

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 *(if agreed to)*  andymart20@aol.com

| Number of Plaintiffs: | Number of Defendants: | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: Address: | A. R. Martin, 300 Burns St., Forest Hills, NY 11375 - 6133 | P-01 |
| Additional Plaintiff | Name: Address: | | P-02 |
| First Defendant | Name: Address: | Jeffrey Kostreich, 68 Main Street, Tuckahoe, NY 10707-2953 | D-01 |
| Additional Defendant | Name: Address: | U. S. Bank Trust, NA, 300 Delaware Ave., Wilmington, DE 19801 | D-02 |
| Additional Defendant | Name: Address: | Jack Getzelman, Residential Mortgage Solution LLC, 2800 28th St., Suite 102, Santa Monica, CA 90405 | D-03 |
| Additional Defendant | Name: Address: | Elizon Master Participation Trust 1, 53 Forest Ave., Old Greenwich, CT 06870 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☐ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left | Date signed 2/16/12 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only

File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* X | Date 2/16/17 |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

TRUE COPY ATTEST
JOSEPH P. PURCELL
CT. STATE MARSHAL
FAIRFIELD COUNTY

| Signed *(Official taking recognizance; "X" proper box)* | ☐ Commissioner of the Superior Court ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   ReV. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**A. R. Martin**

First named Defendant *(Last, First, Middle Initial)*

**Jeffrey Kostreich**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)*   Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| Garrison Investment Group, LP, 1290 Avenue of the Americas, Suite 914, New York, NY 10104 | 05 |
| Ellington Management Group LLC,  53 Forest Ave., Old Greenwich, CT 06870 | 06 |
| Huskies Trust 2013-1, Registered Agent, U. S. Bank Trust, NA, 300 Delaware Ave.,  Wilmington, DE 19801 | 07 |
| Pamela Jordan, Queens Law Associates, 118-21 Queens Blvd., Suite 212, Forest Hills, NY 11375-7210 | 08 |
| "Jane Doe" White Female, c/o Lawrence K Marks, Chief Admin. Judge, OCA, 4 ESP Suite 2001, Albany, NY 12223-1450 | 09 |
| Lance Evans, Court Attorney-Referee, Supreme Court, 88-11 Sutphin Blvd., Jamaica, NY 11435 | 10 |
| Citimortgage, Registered Agent CT Corporation System, One Corporate Center, Hartford, CT 06103 | 11 |
| Bruce Richardson, 27 Whitehall St. 5th Floor, New York, NY 10004 | 12 |
| | 13 |
| | 14 |

FOR COURT USE ONLY - File Date

Docket number

**CIVIL SUMMONS-Continuation**

Print Form                    Reset Form

| | | |
|---|---|---|
| Docket No.: | : | SUPERIOR COURT |
| | | |
| A. R. Martin, | : | Judicial District of Stamford/Norwalk |
| Plaintiff, | | |
| | | |
| vs. | : | at Stamford |
| | | |
| Jeffrey Kostreich, | : | February 15, 2017 |
| U. S. Bank Trust, N.A., | | |
| Jack Getzelman, | | |
| Elizon Master | : | |
|     Participation Trust I, | | |
| Garrison Investment Group, LP, | | |
| Ellington Management Group LLC, | : | |
| Huskies Trust 2013-1 | | |
| Pamela Jordan, | | |
| "Jane Doe" White Female/ | : | |
|     Court Attorney-Referee | | |
| Lance Evans, | | |
| Citimortgage, Inc., | : | |
| Bruce Richardson, | | |
| | | |
| Defendants. | : | |
| _____/ | | |


## COMPLAINT

### Preliminary Statement

America's foreclosure fraud crisis is not over. Millions of innocent homeowners were victimized by corrupt speculators, dishonest attorneys and law firms, and corrupt judges. But the crooks continue to prey on homeowners, in an evil triangle of legal, judicial and business corruption that is virtually without precedent in U. S. history.

The undisputed facts and evidence in this matter were deemed sufficiently serious that they were referred by the U. S. Attorney to the FBI for investigation, see Exhibit A.

Most people who are victimized by crooked judges or corrupt lawyers have a difficult time documenting the fraud. To the contrary, in this lawsuit the fraud and collusion of conniving lawyers, collusive judges and proxy parties for malignant financial institutions are all documented step-by-step with precise pleading allegations and supporting exhibits that confirm Plaintiff's claims.

Despite seven years of litigation, the interested parties to the subject premises, including Plaintiff, have never had their "day in court." Instead, the homeowners have been victimized by a seemingly endless series of corrupt New York State judges, all of whom were in thrall to crooked law firms known as "foreclosure mills" and their clients.

The criminal conspiracy detailed below is now being orchestrated and controlled from a congeries of entities centered at 53 Forest Avenue in Old Greenwich, Connecticut where Elizon Master Participation Trust 1 is located. Hopefully this Court will finally do justice and not be taken over by the dishonest Defendant attorneys and their fellow travelers in the judicial system.

## COUNT ONE

[Champerty violation under Connecticut law)

### 1. Jurisdiction and venue

A. In the absence of a controlling statute, this court has general common law jurisdiction. The Court also has jurisdiction of this overall matter pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), and "Civil RICO," 18 U.S.C. §§1961 (1)(D), 1964. Because the conspiracy detailed below is publicly disclosed as centered at 53 Forest Avenue, Old Greenwich, Connecticut this Court has personal jurisdiction of all of the defendants, both in-state and out-of-state, because they are connected as an "association in fact" controlled from Old Greenwich.

### 2. The parties to this lawsuit

A. Plaintiff A.M. Martin is the beneficiary of a family trust which was managed by Lindsay Jenkins. Plaintiff and Jenkins are homeowners whose property has been attacked and victimized by the Defendants.

B. Jeffrey Kostreich in the operator of a "foreclosure mill" law firm that is utterly saturated with financial fraud and manipulation, and complete contempt for judicial procedure and the New York State court system. Kostreich has been aiding and abetting interstate fraud operations which seek to commit

champerty, other civil violation and federal criminal acts against homeowners.

      C. U. S. Bank Trust, N.A. is a reputable Midwest bank with some form of presence at 53 Forest Avenue in Old Greenwich, Connecticut that is being used as a "front" to commit nationwide financial fraud in conjunction with the other defendants.

      D. Jack Getzelman is a California foreclosure fraud operator who is intimately involved in efforts to commit financial fraud against the Plaintiff, as hereinbelow specified and documented.

      E. Elizon Master Participation Trust I is a shadowy firm whose management and ownership is unknown, and whose operations are being used to commit champerty and fraud in New York and Connecticut. Elizon was created by U. S. Bank Trust and lists 53 Forest Avenue, Old Greenwich, Connecticut as its home address.

      F. Garrison Investment Group LP is a financial fraud operator that seeks to harass homeowners and steal their properties through endless legerdemain and financial fraud. Through Huskies Trust 2013-1, controlled by Garrison, Garrison and Elizon are engaged in an ongoing pattern of fraudulent real estate relationships.

      G.  Ellington Management Group LLC is a financial fraud operator who is acting in concert with U. S. Bank Trust

and other Defendants, and acts as a "mail drop" and facilitator for the fraudulent activity of Elizon and U. S. Bank at 53 Forest Avenue, in Old Greenwich, Connecticut.

H. Huskies Trust 2013-1 is another foreclosure fraud operator under the control of other Defendants, including Garrison. The ownership and management of Huskies Trust 2013-1 is unknown.

I. Pamela Jordan is a political hanger-on and stooge for corrupt judges in Queens County, New York. Jordan is utterly and totally incompetent to act as a judicial "referee," as the record below will confirm. Jordan has allowed herself to be used as a "front" and cat's paw for a series of foreclosure mill law firms related to the other defendants.

J. Jane Doe White Female/Court Attorney-Referee is or was an employee of the Unified Court System of New York who actually conducted a hearing on February 16, 2012 and then allowed Lance Evans, a crooked Unified Court System employee, to falsely attest that he, Evans, had conducted the February 16, 2012 Doe hearing. (Because Jane Doe's name is unknown and Defendant Bruce Richardson has refused to provide it, Doe is being served through the Office of Court Administration through the Chief Administrative Judge.)

K. Lance Evans/Court Attorney-Referee is or was an employee of the Unified Court System of New York who worked in

Queens County and fraudulently signed a court order falsely claiming that he had conducted a settlement hearing on February 16, 2012, when said hearing was actually conducted by Jane Doe. Evans went so far as to invent imaginary dialogue as part of his blatant fraud on the judicial system. On information and belief, Evans may have been promoted and rewarded - not punished - by the Unified Court System for engaging in egregious misconduct as a court employee.

L. Citimortgage is a subsidiary of one of America's largest banks and was/is conducting fraudulent litigation using proxies and "fronts" to avoid being exposed as a bank that was/is violating New York State law and judicial procedures. Citimortgage is registered to do business in the State of Connecticut.

M. Bruce Richardson is an attorney who started out as an honorable representative of his client, Lindsay Jenkins, and later became subsumed by the corrupt court cabal in Queens and Brooklyn after he was accused of professional malpractice on two (2) occasions by crooked judges in Queens.

3. Plaintiff's factual allegations

A. Plaintiff's trustee, Lindsay Jenkins, borrowed money from First American International Bank ("FAIB").

B. After the loan was closed by Plaintiff as attorney-in-fact for Jenkins, Plaintiff was advised by Andy Chang of FAIB

that the bank had sold the loan and that the note and mortgage were no longer in FAIB's portfolio.

C. Plaintiff and Jenkins purchased the property as their family residence, but their ability to move in was delayed by the financial crisis. Plaintiff, however, has continuously occupied a portion of the premises.

D. Because of the national economic crisis Plaintiff tried to negotiate a reduction of the 8% mortgage interest rate but was unable to do so. FAIB would not budge.

E. In 2011 FAIB sued Jenkins as the mortgagor of record. In the first two pages of the complaint FAIB claimed that it is the "holder of the subject note and mortgage" and admits "[Jenkins'] defendant's last known residence is at the Premises," see Exhibit B.

F. Almost immediately after Jenkins was sued by FAIB she received a contrary and contradictory notice stating "WE, CITIMORTGAGE, INC. ARE THE FORECLOSING PARTY LOCATED AT….." Clearly Citimortgage's claims were in derogation of FAIB's claim to be the "holder of the …note and mortgage," see Exhibit C.

G. New York law provides for a settlement conference after the filing of a foreclosure action, CPLR § 3408. The law mandates that "the plaintiff shall appear [and] shall be fully authorized to dispose of the case," CPLR § 3408 (c).

H. Jenkins' attorney, Defendant Bruce Richardson, and Plaintiff appeared at the settlement conference and were fully empowered to "dispose of the case."

I. Richardson is an African-American. He was the only African-American in the room. The conference was conducted by Defendant "Jane Doe" White Female/Court Attorney-Referee.

J. In what is one of the more bizarre but damning aspects of this controversy, FAIB counsel, a foreclosure mill, later filed a "motion for summary judgment" with an attached blue legal backing identifying the case as "Citimortgage against Jenkins," see Exhibit D

K. In response to the filing of the FAIB summary judgment motion, Richardson obtained an order to show cause to send the case back to the settlement division. The order was signed by Queens Justice Alan Weiss ("Weiss").

L. Plaintiff was shocked in April, 2013 when Weiss entered summary judgment against her because Richardson had "failed to respond to the summary judgment motion," even though Richardson's order to show cause was clearly a response. Weiss also announced he was basing his ruling on an order signed by the settlement conference official, who was identified as Defendant "Lance Evans." Evans' order recited that "Defendant..failed to demonstrate, at the outset, the requisite financial viability…," see Exhibit E. Evans had invented this

claim despite the fact that even FAIB's attorney had claimed at the settlement conference that "I further noted that the property was generating substantial rental income…," see Exhibit F. In point of fact Defendant Jane Doe had precluded FAIB's attorney from introducing financial information. Not having been in the room at the settlement conference room, Evans simply invented language condemning Plaintiff. Evans' recitation of what transpired at the settlement conference was directly contrary to what all parties agreed had actually transpired. (It is true that FAIB's counsel tried to introduce financial information, see Exhibit F, but Jane Doe precluded him from doing so; Plaintiff was fully prepared to offer evidence of Jenkins' financial viability but was never called on to do so.) Evans had fabricated a proceeding and signed a totally false order based on nonexistent events.

M. Because Weiss' ruling against Richardson and Jenkins relied on a facially fraudulent, indeed criminal, document, the summary judgment order was void *ab initio*. It is apodictic that once Weiss cited his reliance on Evans' fabricated document, an order based on blatantly fabricated evidence manufactured by a court employee would render Weiss' ruling void. Nevertheless, to the extent that Weiss' summary judgment order claimed Richardson had failed to respond to

FAIB's motion for summary judgment, Weiss was implicitly accusing Richardson of professional malpractice.

N. Plaintiff did not learn of Evans' bogus 2012 order (Exhibit E) until Weiss' ruling in 2013. After Weiss' 2013 order, Richardson filed a detailed order to vacate the summary judgment ruling, relying on his own affidavit and on the affidavit of a title examiner.

O. Plaintiff was surprised by Evans' fabricated order and began an investigation. Plaintiff learned that "Lance Evans" in reality was an African-American male. Since Richardson had been the only African-American person in the room it was clear that Evans had somehow removed Jane Doe from the settlement conference process and substituted his own false claims in the court record.

P. Based on Richardson's motion to vacate Weiss' fraudulent summary judgment order, the Mortgagor of record Lindsay Jenkins commenced her own independent action for money damages because of the filing of the false lawsuit and legal claims against her by FAIB. Richardson then turned on and attacked his client, Jenkins, and claimed he had a "conflict" because his client, Jenkins, had filed her independent action for money damages. Under New York law there was not even a remote or arguable conflict of interest between Richardson and Jenkins. Jenkins' lawsuit had no connection with FAIB's

foreclosure proceeding Richardson was defending. Richardson then started attacking Jenkins and refused to represent her.

Q. Jenkins was involuntarily forced to represent and defend herself, since she had already paid Richardson for services up to the time of an actual trial.

R. Weiss, the original justice who had signed the bogus summary judgment order, stepped aside and a new justice, Thomas Dufficy, was appointed. Dufficy denied Richardson's motion to vacate claiming Richardson filed under the wrong statute, which Plaintiff believes was a patently fraudulent accusation designed to intimidate Richardson from representing Jenkins and her discovery of Evans' criminal conduct in docketing a bogus court order. Dufficy's rulings, however unfounded, were the second implicit claim that Richardson had committed professional malpractice. By the time of Dufficy's ruling Jenkins had exposed the fact that Lance Evans had signed a fraudulent settlement conference order; the local judiciary in Queens began to attack Jenkins to protect Evans instead of punishing Evans for committing a criminal act (filing a false court document is a criminal offense under New York law). Dufficy eventually went so far as to enter a secret order preventing Jenkins from defending the foreclosure lawsuit. The secret order is in the court file but has never become operative

because of the justice's failure to comply with New York law, which requires service of an order before it can be effective.

S. At some point, FAIB executed an "assignment" to Defendant Huskies Trust 2013-1, which is apparently controlled by Defendant Garrison Investment Group LP. When Jenkins filed a lawsuit against Huskies/Garrison, Garrison immediately "assigned" the FAIB note and mortgage to Defendant Elizon Master Participation Trust I under what a Securitization Audit determined were suspicious circumstances, see Exhibit G for excerpts of the Securitization Audit. Defendants Garrison, Elizon, U. S. Bank Trust and Ellington Management in Old Greenwich, Connecticut all operated as a foreclosure fraud wolf pack, passing papers back and forth to frustrate any disclosure of who owned what. Defendant Getzelman signed the purported assignment without disclosing his lack of authority to do so.

T. If Citimortgage claimed to be the "foreclosing party," and FAIB told Jenkins attorney-in-fact, Plaintiff herein, that FAIB had sold the note, then the chain of title created by the assignments to Huskies and Elizon was void *ab initio* and ultimately transferred no interest in the note and mortgage to Elizon in Old Greenwich, Connecticut. Because Jenkins had been denied any opportunity to obtain discovery, she has totally been denied due process in the New York court system and the prior proceedings in state court are void *ab initio* and

have no res judicata effect. Connecticut, New York and federal law require a "full and fair opportunity to defend" before a proceeding may be given res judicata effect in a subsequent proceeding.

U. Jenkins filed a lawsuit in Queens County seeking to expose the Richardson/Evans/Jane Doe/FAIB/Garrison/Huskies corruption and collusion; that case was secretly and without notice to Jenkins transferred to Kings County, Brooklyn, where it was assigned to another corrupt local judge, Justice Bernard Graham. Plaintiff herein moved to intervene in Jenkins' case.

V. Betraying his own blatant bias and incompetence, Graham stated in open court that the creation of a fictitious settlement conference report and the filing of a fraudulent order by Lance Evans was a "de minimis" matter. Graham sought to threaten Jenkins for defending her property against the judicial and legal predators.

W. Adding a certain comic opera aspect to the proceedings, more than one law firm filed motions in front of Graham claiming to represent FAIB. The lawyers had no contact and no coordination with their "client," FAIB, which by then had become a totally meaningless and fictitious entity in the ongoing litigation. Graham made no effort to sort out the conflicting claims.

X. Justice Dufficy in Queens County, who had entered a secret order preventing Jenkins from defending her lawsuit, appointed Pamela Jordan as a "referee," a local court designation. Referees are expected to hold hearings, take testimony and sort out conflicting claims. But Jordan has never refereed any aspect of the foreclosure case and has neither contacted Jenkins nor conducted any hearings or taken any evidence where Jenkins could be heard. Instead Jordan has acted as a rubber stamp for the law firms representing Huskies/Garrison, Elizon and others.

Y. One of the basic aspects of professional practice in probably every court in the United States (including Connecticut) is that before an attorney can be heard, that attorney must file an Appearance stating whom counsel represents.

Z. Defendant Jeffrey Kostreich has acted in the FAIB lawsuit even though he has never taken the basic and preliminary step of filing an appearance! Kostreich claims to represent the "Plaintiff," even though the nominal Plaintiff, FAIB, has long since left the litigation. Kostreich treats New York law and procedure as something to be ignored, not something to be complied with. Kostreich recently set a foreclosure sale for Jenkins'/Plaintiff's property but did not serve Jenkins with timely notice. Kostreich is simply ignoring the Defendant in the

foreclosure lawsuit and acting as though he, Kostreich, is a law unto himself, all with the corrupt connivance of Pamela Jordan and Dufficy.

AA. Since Kostreich has never filed an appearance in the original foreclosure lawsuit, his actions to orchestrate a sale are a nullity. Furthermore, Kostreich is engaging in actual fraud when he claims to represent "the Plaintiff" in a lawsuit when he does not in fact do so and when FAIB has no interest in the lawsuit.

BB. In reciting the undisputed facts, Plaintiff herein has sought to document egregious corruption in the state courts of Queens and Kings County, New York. The foreclosure crisis could not have grown to massive proportions without the willing connivance of local judges, as documented in the above record. Queens County and Kings County were known as notorious dens of judicial corruption and foreclosure fraud. Evans' brazen action in fabricating evidence and creating a fraudulent court order shows just how far the cancer of foreclosure fraud was part of and remains part of the judicial DNA in New York state courts.

CC. Plaintiff believes the undisputed documentation of fraud, corruption, connivance and clear criminal activity (by Evans, if not additional others) confirms his allegations of misconduct. Plaintiff has been a leading corruption fighter and judicial reformers from Hawai'i to New Hampshire, and points in

between including New York, Illinois and Connecticut. Plaintiff therefore has a very experienced eye for courthouse fraud and corruption.

   4. Plaintiff's Legal claim

      A. Unless and until Plaintiff is permitted to conduct discovery and seek document production, neither this Court nor any other court will have any idea of who owns what and who has paid what for the various assignments by the defendants involving the property sub judice.

      B. Plaintiff's September, 2016 securitization audit, see Exhibit G, raised the issue of champerty and questioned the legality of the purported "assignments" between FAIB and Huskies (no consideration recited) and Elizon (peppercorn consideration) presciently and correctly anticipated the New York Court of Appeals' decision in Justinian Capital v. WestLB,    N.Y.3rd , (New York, October 27, 2016) in which New York's highest court outlawed the kind of bogus assignments documented in this lawsuit.

      C. Plaintiff believes that Citimortgage was using proxy plaintiffs, and  "subcontracting out its litigation," Justinian Capital v. WestLB, 128 A.D.3rd 553, 556, 10 N.Y.S.3rd 41 (First Dept. 2015) because Citimortgage was knowingly and intentionally violating New York and federal law. Citimortgage wanted to conceal its illegal behavior by using straw parties

for its foreclosure activity. FAIB's purported counsel filed a
blue backing to its summary judgment motion listing Citimortgage
as the real plaintiff, not FAIB, see Exhibit D. And, apparently
by mistake, Citimortgage also generated a New York State law
required notice that correctly identified Citimortgage as the
owner of the note and mortgage, not FAIB as falsely claimed in
FAIB's phony foreclosure lawsuit, see Exhibit C.

D. Because assignees such as Huskies and Elizon claim
ownership through FAIB and not Citimortgage, their chain of
title is void *ab initio*. New York State law prevented a justice
of the New York Supreme Court (a trial-level court) from
entering a final foreclosure judgment where there was
conflicting evidence as to ownership of the documents, see
Exhibit G. Dufficy simply ignored that legal prohibition.
Neither Dufficy nor Weiss ever conducted a hearing in open court
and all of their activity was channeled through a process
totally under the control of staff, a situation which creates a
genuine risk for abuse and improper influence. Huskies,
Garrison, Ellington and Elizon were and are using U. S. Bank, a
reputable bank, as a "front" to commit litigation fraud and, at
the same time committing champerty. (The use of a legitimate
entity to conduct criminal activity is also a RICO offense, see
below.) The reason "FAIB counsel" had no authority at the
settlement conference is because Citimortgage was secretly

controlling the lawsuit behind the scene and refusing to settle cases, all in blatant violation of New York law.

E. There is no evidence that any of the Connecticut-based Defendants in this lawsuit has any real economic interest in the fraudulent New York foreclosure lawsuit, which is a classic case of champerty as defined by Justinian. The purported assignments were nothing more than a daisy chain of champertous actions taken to prevent the Jenkins from unraveling and defeating the criminal schemes of the Defendants. FAIB "sold" its interest, and the "assignees" are holders of no bona fide interest through FAIB. Citimortgage is precluded from conducting proxy litigation by both federal and state law. Citimortgage's proxy lawsuit using FAIB as a straw man was a nullity under state law

F. The defendants' litigation fraud continued in Chicago, where a bankruptcy law firm ostensibly acting on behalf of "Elizon U. S. Bank owner" (which is in itself a meaningless description of a questionable legal relationship) either knew there was a fraud-in-progress or negligently filed legal claims seeking relief from the automatic stay without doing any pre-filing due diligence.

5. Plaintiff's demand for judgment

A. Because the foreclosure litigation was champertous under New York law, Justinian, supra, the foreclosure "judgment"

against Jenkins is a nullity and must be so declared.
Plaintiff's ownership interest therefore remains unimpaired as a matter of law.

B. In addition to a declaratory judgment, Plaintiff seeks any and all additional relief to which she is entitled.

<u>COUNT TWO</u>

[Quiet Title]

1-3. Plaintiff repeats and realleges ¶¶ 1-3 of Count One and further pleads:

4. <u>Plaintiff's Legal claim</u>

A. As part of their sophisticated scheme to defraud Jenkins of her property, and therefore to nullify Plaintiff's beneficial ownership in the property's equity, the Connecticut-based defendants, Elizon Master Participation Trust I and related entities have clouded title to the property, making it impossible for Plaintiff to refinance or take out some of the substantial equity in the premises and return that equity to Plaintiff herein as the beneficial owner of the equity.

B. Pamela Jordan also "recommended" a fraudulent judgment with a grossly inflated award to the defendants, all based on no hearings, no evidence, no testimony and no opportunity to be heard on the part of the defendant, Lindsay Jenkins, in the sham foreclosure proceeding. Dufficy rubber-stamped Jordan's fraudulent "recommendation," which was merely

an *ex parte* document submitted by another one of the foreclosure mills that have appeared in the litigation.

    5. <u>Plaintiff's demand for judgment</u>

        A. Plaintiff seeks a judgment quieting title to the premises *sub judice* and directing that the fraudulent liens and assignments of record to the Connecticut-based Defendants including Elizon master Participation Trust be rendered null and void.

        B. Plaintiff seeks any and all additional relief to which he is entitled.

<u>COUNT THREE</u>

[Civil RICO]

        A. The Defendants are engaged in Interstate Commerce; indeed, their activity literally stretches from coast-to-coast, from California to Connecticut.

        B. The Defendants are associated-in-fact as a RICO enterprise and have and are continuing to commit predicate acts such as violations of Title 11 as well as violations of Title 18 (mail, wire fraud).

        C. Plaintiff has been and continues to be injured in his property and business interests on a continuing basis.

        D. After Elizon/Kostreich forced Jenkins to seek Chapter 11 protection in Chicago, Defendant Kostreich's law firm sought to extort attorneys working on behalf of Jenkins by

threatening counsel with the bogus order issued by Justice
Graham. There is no constitutional way a state court judge can
sanction a litigant for seeking relief in federal court.

 E. Kostreich's threat was an act of pure extortion in
violation of RICO prohibitions as even a first year law student
would recognize. It is clear that Graham is in the back pocket
of the Brooklyn foreclosure mills and that corrupt attorneys
virtually control Graham's behavior.

 5. Plaintiff's demand for judgment

 A. Plaintiff demands relief and judgment pursuant to
18 U.S.C. § 1964, as well as trebled damages under that
provision.

 B. Plaintiff seeks any and all additional relief to
which she is entitled.

## COUNT FOUR

[Fair Debt Collection Practices Act]

 1-3. Plaintiff repeats and realleges ¶¶ 1-3 of Count One
and further pleads:

 4. Plaintiff's Legal claim

 A. Through their ongoing pattern of fraudulent
collection activity the Defendants' actions, jointly and
severally, are violating the Fair Debt Collection Practices Act,
see e.g. Traut v. Elizon Master Participation Trust I, et al.,
No. 15-13401-NMG (D. Mass., August 4, 2016).

B. Although the concerted collection activity of the defendants has ostensibly been directed at Jenkins, Plaintiff herein has also been damaged as his own property interest in the premises sub judice has been threatened.

5. Plaintiff's demand for judgment

A. Plaintiff demands relief and judgment pursuant to the Fair Debt Collection Practices Act.

B. Plaintiff seeks any and all additional relief to which she is entitled.

## COUNT FIVE

[Connecticut Unfair Trade Practices Act]

1-3. Plaintiff repeats and realleges ¶¶ 1-3 of Count One and further pleads:

4. Plaintiff's Legal claim

A. This action is brought pursuant to CUTPA, on the authority of Bank of America v. Aubut, 167 Conn. App. 347, 143 A.3rd 638 (Conn. App. 2016).

B. As set forth in the foregoing factual allegations, the Defendants, jointly and severally, have engaged in a pattern of fraudulent, false, deceptive and predatory litigation in violation of CUTPA.

C. The Defendants, jointly and severally, have engaged in a continuing pattern of fraudulent and deceptive actions and

tactics designed to and intended to prevent Plaintiff and Jenkins from defending the ownership and title to their home.

      D. The defendants engage in "shell" or proxy litigation, and pass financial instruments among themselves to make it difficult if not impossible for homeowners to defend against the predatory litigation of the defendants, all orchestrated and controlled from an address in Old Greenwich, Connecticut.

      E. The actions of the defendants are contrary to public policy and constitute violations of CUTPA.

    5. <u>Plaintiff's demand for judgment</u>

      A. Plaintiff demands relief and judgment pursuant to CUTPA.

      B. Plaintiff seeks any and all additional relief to which she is entitled pursuant to CUTPA.

Respectfully submitted,

A. R. MARTIN

(Because the Plaintiff is constantly traveling due to treatment for a serious illness:

SERVICE OF NOTICES IS RESPECTFULLY REQUESTED BY FAX OR E-MAIL)

Plaintiff's Mailing address:

A. R. Martin
Adjunct Professor of Law
National Litigation Center
300 Burns Street
Forest Hills, NY 11375-6133
Tel. (888) 552-2194
Fax  (866) 214-3210
Email: andymart20@aol.com



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAP:at

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2014

<u>By Regular Mail</u>

Lindsay Jenkins
300 Burns Street
Forest Hills, New York 11375-6133

Dear sir/Madam:

In response to your letter of complaint, please be advised that this Office has referred your matter to the Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, New York 10278.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:  _____

JUDY PHILIPS
Assistant U.S. Attorney
Chief, Intake and Arraignments

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

FIRST AMERICAN INTERNATIONAL BANK,

Plaintiff,

-against-

LINDSAY JENKINS, TRIBECA ASSET & MANAGEMENT, LLC, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD AND NEW YORK CITY TRANSIT ADJUDICATION BUREAU and "John Doe" and/or "Jane Doe" # 1-10 inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

Index No.

VERIFIED
COMPLAINT

Mortgage
Foreclosure

Plaintiff FIRST AMERICAN INTERNATIONAL BANK, (hereinafter referred to as "FIRST AMERICAN"), by its attorneys, Sweeney, Gallo, Reich & Bolz, LLP, complains and alleges, upon information and belief, as follows:

1.    This is an action to foreclose a mortgage lien on the premises described herein.

2.    The plaintiff is the mortgagee of record and the holder of the subject note and mortgage; and

3.    Where applicable, the plaintiff has complied with all of the provisions of the Banking Law § 595-a and rules and regulations promulgated thereunder, Banking Law § 6-l or 6-m as applicable to the subject loan, and RPAPL § 1304, as amended.

4.    Plaintiff is, and at all times relevant herein was, a corporation authorized to conduct business in the State of New York, with its principal place of business c/o FIRST AMERICAN INTERNATIONAL BANK, located at 5503 8TH AVENUE, BROOKLYN, NEW YORK 11220.

-- 1 --

EXHIBIT B

5.    The premises, which are the subject of this action, are situated at 388 BURNS STREET, FOREST HILLS, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK (the "Premises").

6.    LINDSAY JENKINS is named as Defendant because she is the purported owner of record of the Premises and is obligor on a certain note secured by a mortgage on the Premises. Upon information and belief, said defendant's last known residence is at the Premises.

7.    "John Doe" and/or "Jane Doe" # 1-10 inclusive, are fictitious and unknown to plaintiff. They are named as defendants to designate any and all tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Premises.

8.    The following are made party defendants herein solely because they may have or claim to have a lien affecting the Premises:

TRIBECA ASSET & MANAGEMENT, LLC<br>
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD<br>
NEW YORK CITY TRANSIT ADJUDICATION BUREAU<br>
NEW YORK CITY PARKING VIOLATIONS BUREAU

The above liens are subject and subordinate to the lien of the Plaintiff's mortgage. (See, copy of Mortgage/Judgment Schedules attached hereto and made part hereof.)

9.    On or about October 18, 2006, defendant LINDSAY JENKINS, ("Defendant") executed and delivered to FIRST AMERICAN INTERNATIONAL BANK a Note (the "Note"), whereby the Defendant agreed to pay to FIRST AMERICAN INTERNATIONAL BANK or its transferees the sum of $800,000.00, plus increases in principal, if any, with interest thereon, installments of principal and interest to be paid monthly, in substantially equal payments on the same date of each month until maturity, all as provided in the Note.

# Notice to Tenants of Buildings in Foreclosure

WE, CITIMORTGAGE, INC., ARE THE FORECLOSING PARTY LOCATED AT 1000 TECHNOLOGY DRIVE, O'FALLON, MISSOURI 63368. WE CAN BE REACHED AT 1-866-272-4749.

The dwelling where your apartment is located is the subject of a foreclosure proceeding. If you have a lease, are not the owner of the residence, and the lease requires payment of rent that at the time it was entered into was not substantially less than the fair market rent for the property, you may be entitled to remain in occupancy for the remainder of your lease term. If you do not have a lease, you will be entitled to remain in your home until ninety days after any person or entity who acquires title to the property provides you with a notice as required by Section 1305 of the Real Property Actions and Proceedings Law. The notice shall provide information regarding the name and address of the new owner and your rights to remain in your home. These rights are in addition to any others you may have if you are a subsidized tenant under Federal, State or local law or if you are a tenant subject to rent control, rent stabilization or a Federal statutory scheme.

ALL RENT-STABILIZED TENANTS AND RENT-CONTROLLED TENANTS ARE PROTECTED UNDER THE RENT REGULATIONS WITH RESPECT TO EVICTION AND LEASE RENEWALS. THESE RIGHTS ARE UNAFFECTED BY A BUILDING ENTERING FORECLOSURE STATUS. THE TENANTS IN RENT-STABILIZED AND RENT-CONTROLLED BUILDINGS CONTINUE TO BE AFFORDED THE SAME LEVEL OF PROTECTION EVEN THOUGH THE BUILDING IS THE SUBJECT OF FORECLOSURE. EVICTIONS CAN ONLY OCCUR IN NEW YORK STATE PURSUANT TO A COURT ORDER AND AFTER A FULL HEARING IN COURT.

If you need further information, please call the New York State Banking Department's toll-free helpline at 1-877-BANK-NYS (1-877-226-5697), or visit the Department's website at http://www.banking.state.ny.us .

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

CITIMORTGAGE, INC.,

Index No.: 9748/2011

Plaintiff,

- against -

LINDSAY JENKINS, ET AL.,

Defendants

NOTICE OF MOTION, SUPPLEMENTAL AFFIRMATION, PROPOSED
ORDER, AFFIRMATION, & AFFIDAVIT

SWEENEY, GALLO, REICH & BOLZ, LLP.
*Attorneys for Plaintiff*
Office and Post Office Address, Telephone
95-25 Queens Boulevard, 11th Floor
Rego Park, NY 11374

ROSEMARIE A. KLIE, ESQ.
Attorney for
Attorney Certification pursuant to Court Rules

hereby admitted

Attorney for

SWEENEY, GALLO, REICH & BOLZ, LLP.
*Attorneys for Plaintiff*
Office and Post Office Address
95-25 Queens Boulevard, 11th Floor
Rego Park, N.Y. 11374
(718) 459-9000

EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
County of Queens, Residential Foreclosure Part

Index Number: ____0009748/2011____

IAS Justice: ALLAN B. WEISS

--------------------------------------------------------------------

**Residential Foreclosure
Conference Order**

FIRST AMERICAN INTERNATIONAL

                                        Plaintiff(s),

            -against-

JENKINS, LINDSAY  ETAL.

                                        Defendant(s).

--------------------------------------------------------------------

2012 FEB 27  PM 3: 54

QUEENS COUNTY CLERK
FILED

A Residential Foreclosure Conference having been ~~scheduled~~/ held before the undersigned

today, and the following parties having appeared :

__SWEENEY, GALLO, REICH & BOLZ L_____ , counsel for plaintiff(s), and _____
      Plaintiff

_____ _BRUCE RICHARDSON, Esq.___ , counsel for defendant(s),  it is hereby
                              Defendant(s)

**ORDERED** that,

☐    This case does not meet the criteria of the Residential Foreclosure Part.

☐    This case meets the criteria of the Residential Foreclosure Part.

    ☐ /    This case has been settled.
    ☑    This case has not been settled and shall proceed by Order of Reference/Motion.
    ☐    Defendant(s), although on notice of today's conference date by way of this court's letter/conference
         dated _____ , failed to appear.

    ☑    Other _Defendant/Borrower, who also has a second property in_

    _foreclosure litigation, failed to demonstrate, at the outset_

    _the requisite financial viability in order to qualify for plaintiff/_

    _lender's modification product_          So Ordered:

Dated:  2/16/12                                   _Lance Evans_
                                                  LANCE EVANS
                                                  Court Attorney-Referee

EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

FIRST AMERICAN INTERNATIONAL BANK,

        Plaintiff,

LINDSAY JENKINS, TRIBECA ASSET &
MANAGEMENT, LLC, NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD
AND NEW YORK CITY TRANSIT ADJUDICATION
BUREAU and "John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious and unknown
to Plaintiff, the persons or parties intended being the tenants,
occupants or corporations, if any, having or claiming an
interest in or lien upon the premises described in the complaint,

        Defendants.
------------------------------------------------------------------X

**Index No. 9748/2011**

**AFFIRMATION IN
FURTHER OPPOSITION TO
MOTION TO VACATE MARCH 6
ORDER AND FOR
DISCOVERY CONFERENCE**

      ROBERT M. LINK, an attorney duly admitted to practice law in the courts of the State of New York, affirms the truth of the following pursuant to CPLR § 2106:

      1.  I am an associate at the law firm of SWEENEY, GALLO, REICH & BOLZ, LLP., attorneys for the Plaintiff, FIRST AMERICAN INTERNATIONAL BANK (hereinafter referred to as "Plaintiff" or "FIRST AMERICAN"). I submit this affirmation in opposition to the Motion filed by the defendant LINDSAY JENKINS (hereinafter referred to as "Defendant" or "Mortgagor") requesting to vacate the Order of March 6, 2013, scheduling of a discovery conference; and for such other and further relief as may be just and proper.

      2.  A Settlement Conference was held in the Queens County Supreme Court on February 16, 2012.  Defendant was represented by her attorney-in-fact, Anthony R. Martin a/k/a Andy Martin ("Attorney-in-Fact").  Bruce Richardson, Esq. also appeared for the Mortgagor.

1

EXHIBIT F

3. At that conference, representatives for the borrower requested the case remain in the Settlement Conference Part. A discussion ensued regarding whether the borrower was entitled to additional settlement conferences due to non-owner occupancy.

4. I argued that the Mortgagor was not eligible for additional conferences pursuant to CPLR 3408. I further noted that the property was generating substantial rental income and the Mortgagor owned a second property in Forest Hills Gardens which was also in foreclosure.

5. The Referee ultimately determined that the Defendant LINDSAY JENKINS was not entitled to additional Settlement Conferences.

## CONCLUSION

6. For all the foregoing reasons, FIRST AMERICAN respectfully requests that the Court deny the Defendant's Order to Show Cause in its entirety and grant the Plaintiff's Motion for an Order striking the Defendant's affirmative defenses and dismissing her counterclaims, granting summary judgment in favor of the Plaintiff, appointing a Referee to compute, and such other and further relief as may be just and proper.


Dated: Queens, New York
       June 10, 2013


ROBERT M. LINK, ESQ.

2



Certified Forensic Loan Auditors

# *CERTIFIED FORENSIC LOAN AUDITORS, LLC*

13101 West Washington Blvd., Suite 140, Los Angeles, CA 90066

Phone888-758-2352 and 832-932-3951; Sales@CertifiedForensicLoanAuditors.com

www.CertifiedForensicLoanAuditors.com

# *PROPERTY*
# *SECURITIZATION ANALYSIS REPORT™*

### *Prepared for:*

### *Lindsay Jenkins*

### *For Property Address*

### *388 Burns Street*
### *Flushing (Forest Hills), NY 11375*

### *Updated on:*

### *September 17, 2016*

Disclosure: You have engaged Certified Forensic Loan Auditors, LLC to examine your real estate documents. This information is not to be construed as legal advice or the practice of law, pursuant to *Business and Professions Code § 6125 et seq*, it is the intent of CFLA, its members, auditors and independent contractors, not to engage in activities that could be considered the practice of law by conduct exhibiting any of the following practices: "*...the doing and/or performing of services in a court of justice in any matter depending therein throughout the various stages and in conformity with the adopted rules of procedure. It includes legal advice and counsel and the preparation of legal instruments and contracts by which the legal rights are secured although such matter may or may not be depending in a court.*"

EXHIBIT G

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

# SECTION 1:    TRANSACTION DETAILS

## BORROWER & CO-BORROWER:

| BORROWER | CO-BORROWER |
|---|---|
| Lindsay Jenkins | None |
| CURRENT ADDRESS | SUBJECT ADDRESS |
| 388 Burns Street, Flushing, NY 11375 | 388 Burns Street, Flushing, NY 11375 |

## TRANSACTION PARTICIPANTS

| AMOUNT | MORTGAGE SERVICER | MORTGAGE NOMINEE/BENEFICIARY |
|---|---|---|
| $800,000.00 | First American International Bank | First American International Bank |
| **ORIGINAL MORTGAGE LENDER** | **LOAN TYPE** | **TITLE COMPANY** |
| First American International Bank 5503 8th Avenue Brooklyn, NY 11220 (718) 871-8338 | Conventional 30 Year Fixed Rate Mortgage Loan with 1-4 Family Rider | Judith N. Klapper, Esq. 100 Lafayette Street 7th Floor New York, NY 10013 Title # 306-Q-23335 |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

# SECTION 2:    SECURITIZATION
## SECURITIZATION PARTICIPANTS:
## FIRST PRIVATE PLACEMENT

| ORIGINATOR/LENDER | SPONSOR/SELLER | DEPOSITOR |
|---|---|---|
| FIRST AMERICAN INTERNATIONAL BANK or purchased by them from correspondent lender | GARRISON INVESTMENT GROUP 1290 Avenue of the Americas Suite 914 New York, NY 10104 | TO BE DETERMINED |
| **ISSUING ENTITY** | **TRUSTEE** | **MASTER SERVICER/ SERVICER** |
| HUSKIES TRUST 2013-1, a statutory trust organized under the laws of the State of Delaware | U.S. Bank Trust National Association | GARRISON INVESTMENT GROUP |
| **CUSTODIAN** | **CUT – OFF DATE** | **CLOSING DATE** |
| U.S. Bank Trust National Association or appointee **Documents returned to:** Closing USA, LLC 903 Elmgrove Rd. Rochester, NY 14624 | To be determined | On or about December 31, 2013 Date of Assignment of Mortgage |

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



Certified Forensic Loan Auditors

# SECOND PRIVATE PLACEMENT

| ORIGINATOR/LENDER | SPONSOR/SELLER | DEPOSITOR |
|---|---|---|
| **FIRST AMERICAN INTERNATIONAL BANK** or purchased by them from correspondent lender | **ELLINGTON MANAGEMENT GROUP** 53 Forest Avenue Old Greenwich, CT 06870 (203) 698-1200 | **TO BE DETERMINED** |
| **ISSUING ENTITY** | **TRUSTEE** | **MASTER SERVICER/ SERVICER** |
| **ELIZON MASTER PARTICIPATION TRUST I,** a statutory trust organized under the laws of the State of Delaware | **U.S. Bank Trust National Association** | **RESIDENTIAL MORTGAGE SOLUTION** 2800 28th Street Suite 102 Santa Monica, CA 90405 (310) 450-5858 |
| **CUSTODIAN** | **CUT – OFF DATE** | **CLOSING DATE** |
| U.S. Bank Trust National Association or appointee **Documents returned to:** LR Dept. (Customer #650) T.D. Servicer Company 4000 W. Metropolitan Drive Suite 400 Orange, CA 92868 | **To be determined** | **On or about February 12, 2015** Date of Assignment of Mortgage |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

Examiner recommends further review of transaction that may be restricted by applicable champerty statutes designed to limit the commercialization or trading in litigation. This may include a discounted note buyer unrelated to the claim or other intervening meddler that goes out of his way to harm himself for possible profit. A significant operating cost of a discounted note buyer is the management of legal expenditures while claiming the full amount of the debt. A sale to a second such discounted note buyer constitutes such trading in litigation costs. The subject claim would NOT have been brought without the second Assignment to the Elizon Master Participation Trust I. The amount of the actual aggregate purchase price, may, in fact, be for a relatively small percentage of the $800,000 mortgage and thus NOT subject to the $500,000 limit.

New York Judiciary Law § 489. Purchase of claims by corporations or collection agencies – See more at: http://codes.findlaw.com/ny/judiciary-law/jud-sect-489.html#sthash.Zc9LLmkG.dpuf

1. No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon;   provided however, that bills receivable, notes receivable, bills of exchange, judgments or other things in action may be solicited, bought, or assignment thereof taken, from any executor, administrator, assignee for the benefit of creditors, trustee or receiver in bankruptcy, or any other person or persons in charge of the administration, settlement or compromise of any estate, through court actions, proceedings or otherwise. Nothing herein contained shall affect any assignment heretofore or hereafter taken by any moneyed corporation authorized to do business in the state of New York or its nominee pursuant to a subrogation agreement or a salvage operation, or by any corporation organized for religious, benevolent or charitable purposes. Any corporation or association violating the provisions of this section shall be liable to a fine of not more than five thousand dollars;   any person or co-partnership, violating the provisions of this section, and any officer, trustee, director, agent or employee of any person, co-partnership, corporation or association violating this section who, directly or indirectly, engages or assists in such violation, is guilty of a misdemeanor.
2. Except as set forth in subdivision three of this section, the provisions of subdivision one of this section shall not apply to any assignment, purchase or transfer hereafter made of one or more bonds, promissory notes, bills of exchange, book debts, or other things in action, or any claims or demands, if such assignment, purchase or transfer included bonds, promissory notes, bills of exchange and/or book debts, issued by or enforceable against the same obligor (whether or not also issued by or enforceable against any other obligors), having an aggregate purchase price of at least five hundred thousand dollars, in which event the exemption provided by this subdivision shall apply as well to all other items, including other things in action, claims and demands, included in such assignment, purchase or transfer (but only if such other items are issued by or enforceable against the same obli-

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

gor, or relate to or arise in connection with such bonds, promissory notes, bills of exchange and/or book debts or the issuance thereof).

3.   The rights of an indenture trustee, its agents and employees shall not be affected by the provisions of subdivision two of this section.

-   See   more   at:   http://codes.findlaw.com/ny/judiciary-<br/>law/jud-sect-489.html#sthash.Zc9LLmkG.dpuf

http://codes.findlaw.com/ny/judiciary-law/jud-sect-489.html

Further sample information:
Milbank, Litigation & Arbitration Group Client Alert: New York State Supreme Court Finds Litigation by Proxy Impermissible Under Ancient Champerty Doctrine, March 3, 2014
https://www.milbank.com/images/content/1/5/15841/Milbank-Litigation-Client-Alert-March-2014.pdf

New York Law Journal Volume 248 – No. 77 October 19, 2012
The Narrow Application of the Champerty Doctrine
http://www.chadbourne.com/sites/default/files/publications/the_narrow%20_application_of_the_champerty_doctrine_hall_nylawjournal_oct12.pdf

**Huskies Trust 2013-1 domiciled in the State of Delaware**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

### Recorded Events on the Loan Including Foreclosure Issues and Securitization

| Recorded Chain of Mortgage Possession | | Chain of Note Possession | |
|---|---|---|---|
| Date | Original Mortgage | Date | Note Holder |
| October 30, 2006 Instrument # 605381 Official Records, Queens County New York | Lindsay Jenkins (Borrower) First American International Bank (Lender) | October 18, 2006 | First American International Bank ( Lender) Principal Amount: $800,000.00 |
| June 20, 2014 Instrument # Not Available Official Records, Queens County New York | **Lis Pendens** | December 31, 2013 | HUSKIES TRUST 2013-1 Lender Principal Amount: $800,000.00 |
| June 20, 2014 Instrument # 2014-221772 Official Records, Queens County New York | **Assignments of Mortgage To Huskies Trust 2013-1.  Signed by Robert Yiu as Chief Credit Officer of First American International Bank.** | | |
| December 2, 2015 Instrument # 2015-000426404 Official Records, Queens County New York | **Assignments of Mortgage To Elizon Master Participation Trust I.  Signed by Jack Getzelman as CEO of RMS Asset Management, LLC, as its "Attorney-in-Fact" without a power of attorney or legal representation agreement and without disclosure of likely acting as an agent of Assignee, NOT Assignor.** | | |

*Note: The above analysis covers primary active loan.*
*Annotated voluntary lien search located in Exhibit I.*

# REPORT SUMMARY

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

### Mortgage:

- On October 18, 2006, Debtors Lindsay Jenkins executed a negotiable promissory note and a security interest in the form of a MORTGAGE in the amount of $ 800,000.00. This document was filed as document number 605381 in the Official Records of Queens County. *The original lender of the promissory note is First American International Bank.*

### Securitization (The Note):

- The NOTE may have been sold, transferred, assigned and securitized into the HUSKIES TRUST 2013-1 with a Closing Date of December 31, 2013. The NOTE may have been further sold, transferred, assigned and securitized into the ELIZON MASTER PARTICIPATION TRUST I with a formation date of December 4, 2013 and an unknown Closing Date.

### Lis Pendens:

- On June 20, 2014, a Lis Pendens was recorded in the Official Records, Queens County with an unknown instrument numbers.

### Assignment of Mortgage:

- On June 20, 2014, an Assignment of Mortgage was recorded in the Official Records, Queens County as document 2014-221772 to the Huskies Trust 2013-1. Robert Yiu signed document as Chief Credit Officer. Transfer of lien made "for value received" without accounting support. Examiner also notes recording of Assignment was made approximately eight years after loan origination. Examiner recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, arms' length purchase/sale agreements, verifiable proof of funds, accounting journal entries, receipts for transfer taxes paid) among relevant parties.
- Assignment recorded approximately six months after most likely closing date of trust December 31, 2013. This may be a violation of governing documents for this trust.

### Assignment of Mortgage:

- On December 2, 2015, an Assignment of Mortgage was recorded in the Official Records, Queens County as document 2015-000426404 to the Elizon Master Participation Trust I. Jack Getzelman signed document as Chief Executive Officer of company unrelated to Assignor, namely RMS Asset Management LLC claiming to be attorney-in-fact but without a power of attorney or legal representation agreement signed by Assignor Huskies Trust

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

2013-1.    Transfer of lien made "for valuable consideration" without accounting support. Examiner also notes recording of Assignment was made approximately nine years after loan origination.   Examiner recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, arms' length purchase/sale agreements, verifiable proof of funds, accounting journal entries, receipts for transfer taxes paid) among relevant parties. The exact amount of payment is required for compliance with applicable New York champerty statutes.

■  Assignment recorded approximately two years after most likely closing date of trust December 31, 2013.  Normally mortgage-backed securities trusts are formed and closed to new investments in approximately a 30 day period in the experience of Examiner for REMIC-type closed-end trusts that are also designed for compliance with applicable securities laws.  This may be a violation of governing documents for this trust.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



Certified Forensic Loan Auditors

## ASSIGNMENT RECORDED 6/20/2014

**Robert Yiu states that transfer of lien made "for value received" without underlying accounting support. Instead of dealing directly with borrower Lindsay Jenkins, he has chosen to transact with intervening meddler Garrison Investment Group. Examiner recommends review of applicable champerty statutes.**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

## ASSIGNMENT RECORDED 12/2/15

**Jack Getzelman of RMS Asset Management, LLC, states that transfer of lien made "for valuable consideration" without underlying accounting support. Instead of dealing directly with borrower Lindsay Jenkins, intervening meddler Garrison Investment Group has evidently chosen to deal with subsequent meddler Ellington Management Group in trading on borrower distress through its agent Residential Mortgage Solution. Examiner recommends review of applicable champerty statutes.**



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

the loans are "protected" from the lender.  The "Depositor" would be, once again, created by the Wall Street firm or the lender.

- Then the "Depositor" would place the loans into the Issuing Entity, which is another entity created solely for the purpose of selling the bonds.

- Finally, the bonds would be sold, with a Trustee appointed to ensure that the bondholders received their monthly payments.

ξ FIRST AMERICAN INTERNATIONAL BANK was a "correspondent lender" that originated mortgage loans. These loans, in turn, may have been sold and transferred into a "federally-approved securitization" trust named the HUSKIES TRUST 2013-1.

ξ The Note and Deed have taken two distinctly different paths. The Note may have been securitized into the HUSKIES TRUST 2013-1.

ξ The written agreement that created the HUSKIES TRUST 2013-1 is a "Pooling and Servicing Agreement" (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust is also described in a "Prospectus Supplement," also available on the SEC website. The Trust by its terms set a "CLOSING DATE" of ON OR ABOUT DECEMBER 31, 2013. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the law.

ξ In view of the foregoing, the Assignment of Mortgage executed after the Trust's Closing Date would be a void act for the reason that it violated the express terms of the Trust instrument.

ξ The loan was originally made to FIRST AMERICAN INTERNATIONAL BANK and may have been sold and transferred to HUSKIES TRUST 2013-1. There is no record of Assignments to either the Sponsor or Depositor as required by the Pooling and Servicing Agreement.

In Carpenter v. Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872), the U.S. Supreme Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity."

An obligation can exist with or without security. With no security, the obligation is unsecured but still valid. A security interest, however, cannot exist without an underlying existing obligation. It is impossible to define security apart from its relationship to the promise or obligation it secures. The obligation and the security are commonly drafted as separate documents – typically a promissory note and a Mortgage. If the creditor transfers the note but not the Mortgage, the transferee receives a secured note; the security follows the note, legally if not physically. If the transferee is given the Mortgage without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement.  (Kelley v. Upshaw 91952) 39 C.2d 179, 246 P.2d 23; Polhemus v. Trainer (1866) 30C 685).

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

permanent fixture. As a stock it is governed as a stock under the rules and regulations of the SEC; hence, the requirement for the filings of the registration statements, pooling and servicing agreements, form 424B-5, et.al. There is no evidence on Record to indicate that the Mortgage was ever transferred concurrently with the purported legal transfer of the Note, such that the Mortgage and Note has been irrevocably separated, thus making a nullity out of the purported security in a property, as claimed.

7.    Careful review and examination reveals that this may have been a securitized loan. The Assignment of Mortgage pretended to be an A to D transaction when in fact the foreclosing party was hiding the A to B, B to C, and C to D facts of true sales, where A is the original lender, B the sponsor/seller, C the bankruptcy-remote depositor, and D, the issuing mortgage-backed securities trust. They also hid the legal SEC filings, governing the transaction according to our findings. But to be controlled by those SEC filings, the true original loan Note and Mortgage had to be provided by the Document Custodian certified to have been in possession of them by them on or about January 31, 2006. Because it was not, the claim of ownership by the Trust cannot be substantiated and the loan servicing rights not established at law by agreement. Examiner supplies this report as written testimony and is available for oral testimony.

**DISCLAIMER**

**This report was based exclusively on the documentation provided. It also required that we make reasonable assumptions respecting disclosures and certain loan terms that, if erroneous, may result in material differences between our findings and the loan's actual compliance with applicable regulatory requirements. While we believe that our assumptions provide a reasonable basis for the review results, we make no representations or warranties respecting the appropriateness of our assumptions, the completeness of the information considered, or the accuracy of the findings. The contents of this report are being provided with the understanding that we are not providing legal advice, nor do we have any relationship, contractual or otherwise, with anyone other than the recipient. We do not, in providing this report, accept or assume responsibility for any other purpose.**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*

**APPEARANCE**
JD-CL-12 Rev. 9-13
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions** — See Back/Page 2
**ADA Notice** — See Back/Page 2

*Notice To Self-Represented Parties*
*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

[ ] *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

Return date

Docket number

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

[X] A. R. Martin v. Jeffrey Kostreich, et al.

[X] Judicial District  [ ] Housing Session  [ ] Small Claims  [ ] Geographic Area number

Address of Court *(Number, street, town and zip code)*
123 Hoys St., Stamford, CT 06905

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney
A. R. Martin, pro se

Juris number of attorney or firm

**Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)*
300 Burns Street, Forest Hills

Post office box

Telephone number *(Area code first)*
347-960-9593

City/town
Forest Hills

State
NY

Zip code
11375

Fax number *(Area code first)*
866-214-3210

E-mail address
andymart20@aol.com

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

[X] The Plaintiff *(includes the person suing another person).*
[ ] All Plaintiffs.
[ ] The following Plaintiff(s) only: _____
[ ] The Defendant *(includes the person being sued or charged with a crime).*
[ ] The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
[ ] All Defendants.
[ ] The following Defendant(s) only: _____
[ ] Other *(Specify):* _____
[ ] This is a Family Matters case and my appearance is for: *("x" one or both)*

[ ] matters in the Family Division of the Superior Court   [ ] Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. [ ] This appearance is in place of the appearance of the following attorney, firm or self-represented party on file (P.B. Sec. 3-8): _____

2. [ ] This appearance is in addition to an appearance already on file.

*(Name and Juris Number)*

**I agree to accept papers (service) electronically in this case under Practice Book Section 10-13**   [X] Yes   [ ] No

Signed *(Individual attorney or self-represented party)*
▶

Name of person signing at left *(Print or type)*
A. R. Martin

Date signed
2/166/17

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* _____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

For Court Use Only

Signed *(Signature of filer)*

Print or type name of person signing

Date signed

Telephone number

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.